UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| In re RAYMOND L. JACKSON and CHRISTINE JACKSON, | ) Case No. 05-60594 ) ) Chapter 11 |
| Debtors, | ) ) ) ) |

### MEMORANDUM AND ORDER

### MEMORANDUM

On February 18, 2005, the debtors filed a chapter 11 petition.[1] The debtors did not file a list of creditors as required by Fed. R. Bankr. P. 1007(a)(1) and Local Bankruptcy Rule 1007-2. Accordingly, on February 18, 2005, the Court let issue an order providing that failure to cure the deficiency within 10 days could result in dismissal of the case without further notice or hearing.

The debtors filed their creditors' matrix on March 4, 2005, four days after the date set by the court and fourteen days after they were due under the Bankruptcy Rules and the Local Rules. They also filed their schedules, statement of financial affairs, disclosure of attorney compensation (which was incomplete) and statement of intentions on that date. On March 11, 2005, the court issued an order dismissing the case for failure to comply with rules of the court.

On March 21, 2005, the debtors filed a motion to reconsider the order dismissing this

---

[1] In their motion for reconsideration, the debtors incorrectly assert that the petition was filed on February 28, 2005.

1

case.

A motion for reconsideration is properly brought under Fed. R. Civ. P. 59 as made applicable by Fed. R. Bankr. P. 9023. The debtors bring the motion asserting "no creditors have been prejudiced by the late filing of the creditors matrix". The debtors also assert that they have received a contract for the sale of the real estate which was at the center of the dispute giving rise to the filing of the chapter 11 petition.

The grounds for motions under Rule 59 are usually stated as manifest error of law or fact or newly discovered evidence. 10 Collier on Bankruptcy, §9023.02, pg 9023-3 (15th ed. Rev.) (Citations omitted). The debtors have cited no manifest error of law or fact, nor have they asserted the existence of any newly discovered evidence. Accordingly, the motion will be denied.

## ORDER

For the reasons stated above, the motion of the debtors in the above-styled case for reconsideration of the order dismissing this case is denied.

So ORDERED.

Upon entry of this Memorandum the Clerk shall forward copies to Roy D. Bradley, Esq., and the United States trustee.

Entered on this  31  day of March, 2005.

William E. Anderson
United States Bankruptcy Judge